DECIDED FEBRUARY 15, 1934.

*J. A. Mitchell,* for plaintiff.
*H. M. Holden, M. L. Felts,* for defendant.

23019.   POOLE <em>v.</em> PIGGLY WIGGLY SNOW COMPANY.

STEPHENS, J.   1. Where two automobiles were traveling along a highway, one behind the other, and after the one behind had turned to the left of the course of the one in front, preparatory to turning to the left into an intersecting street, the one in front, without any signal given, swerved to the left but did not decrease its speed, and thereby rendered it necessary for the other automobile to swerve still further to the left, and the latter automobile, because of this situation, could not make the contemplated turn to the left into the intersecting street, but undertook to do so and collided with the curb on its right in the intersecting street, and where the automobile in front, before the other automobile attempted to make the turn, suddenly swerved to the right and proceeded in the direct course ahead beyond the intersecting street; and where the widths of the streets do not appear, and where it does not appear that the automobile in front at any time stopped or decreased

508

its speed, it does not appear that the operator of the automobile behind was, by the situation brought about by the operator of the automobile in front, prevented from proceeding straight ahead without colliding with the other automobile, but, in order to avoid a collision with the other automobile, was compelled to make the turn into the intersecting street.

2. In a suit by the operator of the automobile which was behind, against the owner of the front automobile, to recover damages for personal injuries and injury to his automobile, alleged to have been caused by the negligence of the defendant, where the cause of action set forth in the petition was based on the facts narrated above, an allegation that the plaintiff was forced into the intersecting street and could not go straight ahead without colliding with the defendant's automobile, stated conclusions of the pleader without any facts on which to base them. The petition failed to set out a cause of action, and was properly dismissed on demurrer.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED FEBRUARY 15, 1934. REHEARING DENIED MARCH 3, 1934.

*W. E. Perry,* for plaintiff.
*Wilcox, Connell & Wilcox,* for defendant.

